JACOB F. BOLLERER, PETITIONER-RESPONDENT, v. GEORGE AND LUCILLE ELENBERGER, PARTNERS T/A CITY BAKERY OF LONG BRANCH, RESPONDENT-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 3, 1966—Decided December 2, 1966.

58 

Before Judges GOLDMANN, KILKENNY and COLLESTER.

*Mr. Isidor Kalisch* argued the cause for appellants.

*Mr. John G. Rathman* argued the cause for respondent (*Mr. Louis H. Aikins,* attorney).

The opinion of the court was delivered by

KILKENNY, J. A. D. The Division of Workmen's Compensation dismissed the claim petition on the sole ground that petitioner had failed to prove by a preponderance of the credible evidence that he notified the respondent employers or that the employers had knowledge of the claimed compensable injury within 90 days after the occurrence, as required by *R. S.* 34:15–17. The judge of compensation made no determination on the substantive merits of the case, either as to whether the claimed accident had happened or, if it had, whether it was causally related to petitioner's disability.

On petitioner's appeal, the County Court reversed the Division. It ruled that the statutory requirement of notice or knowledge within the 90-day period had been satisfied. Instead of remanding the matter to the Division for a determination of the issues of "accident" and "causal relationship," the County Court resolved those issues in favor of petitioner and determined that he was entitled to an award of compensation. It remanded the case to the Division to determine only the *quantum* of the award. The Division fixed the *quantum* and upon its report to the County Court, judgment was entered for that amount in the County Court.

Respondent employers prosecute this appeal from the judgment of the County Court.

I

The County Court should not have disposed of the meritorious issues of "accident" and "causal relationship" without first having remanded those issues to the Division for its determination thereon. These issues required for their resolution an evaluation by the trier of the facts, the judge of compensation, of the credibility of the respective witnesses, whose conflicting testimony could best be assayed by the trial

judge. *R. R.* 1:5–4(*b*); *Abeles v. Adams Engineering Company, Inc.,* 35 *N. J.* 411, 424 (1961). The course pursued by the County Court precluded its knowing and precludes our knowing the compensation judge's evaluation of the credibility and weight to be attached to the conflicting medical expert testimony, as well as that of the parties and non-expert witnesses. Where the credibility of the witnesses is the fulcrum upon which the case depends, it is all-important that a reviewing court should know the assessment thereof made by the trier of the facts.

II

We agree with the Division's finding that the notice or knowledge requirement was not satisfied. We would, therefore, reverse the County Court and direct a dismissal of the claim petition on this ground.

*R. S.* 34:15–17 requires that an employer must have actual knowledge of the occurrence of the claimed injury, or must be given notice thereof by the employee or someone on his behalf, within 90 days of the occurrence. This is a statutory prerequisite to the allowance of a workmen's compensation award. *Hercules Powder Co. v. Nieratko,* 113 *N. J. L.* 195 (*Sup. Ct.* 1934), affirmed 114 *N. J. L.* 254 (*E. & A.* 1935); *Bucuk v. Edward A. Zusi Brass Foundry,* 49 *N. J. Super.* 187 (*App. Div.* 1958), certification denied 27 *N. J.* 398 (1958). *Panchak v. Simmons Co.,* 15 *N. J.* 13, 17 (1954), held that the notice or knowledge is sufficient "though it relates only to the injury rather than additionally to the accident which caused it." *Goldstein v. Continental Baking Co.,* 16 *N. J.* 8 (1954), further liberalized the rule when it concluded that where there is enough to reasonably put the employer on inquiry as to the facts of the accident, that is sufficient. Also, where there is doubt as to the timeliness of the notice, the doubt ought generally be resolved in favor of the employee.

On the other hand, as stated in 2 *Larson, Workmen's Compensation,* § 78.31 (*a*), at *pp.* 254–255 (1961):

"It is not enough however, that the employer, through his representatives, be aware that claimant \* \* \* walks with a limp. There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential Workmen's Compensation claim."

That rule fits the facts herein. Respondent employers were never given any notice by petitioner within the statutory period of any work-connected injury. They knew that he had been ill for several months before December 24, 1960. They observed that he was dragging a leg, had trouble with his hands and his condition was worsening. When they inquired as to the reason, petitioner told them that he was being treated by Dr. Stranahan for a circulatory ailment. He did not relate it to his job. Dr. Stranahan allegedly told petitioner to keep on working. When he left his job on January 7, 1961, he gave as his reason for quitting that he no longer felt physically able to perform his work as a baker, after many years in the employ of respondents in that capacity. But they did not know, nor were they given notice by petitioner within the 90-day time limitation that petitioner's illness was connected in any way with his job performance, or that he had suffered any accident arising out of and during the course of his employment, or that he intended to make any such claim.

Petitioner testified that on December 24, 1960 he reached with his right hand for a cooky cutter in the bake shop and found that he could not bring his arm down, that he had lost feeling in his right hand. He admitted that he did not tell anyone at the time about the incident. He continued working the rest of that work day, using his left arm and hand. The next day was not a working day and he rested. On Monday he returned to work and again performed by using his left arm and hand. He continued working in that fashion until January 7, 1961 when he left respondents' employ.

Respondent Lucille Elenberger testified that on the day before Thanksgiving in 1960 she noticed that petitioner was unable to "fill" the pumpkin pies; that a week or two before Christmas he was having trouble manipulating the bag used to decorate cakes. When she inquired about his condition, he told her that he was having trouble with his circulation and was being treated by Dr. Stranahan. She asserted that petitioner never told her about the alleged December 24, 1960 incident, or that he had suffered a stroke on that date. Her first knowledge that petitioner was alleging an accident while employed, or a work-connected disability, was on June 21, 1961, well beyond the 90-day limitation period.

Respondent George Elenberger testified that petitioner first complained of numbness in his leg and coldness in 1959. In November and December 1960 petitioner was dropping things and complained that he could not hold anything in his hand. He told George Elenberger that he had circulation trouble, had gone to Dr. Stranahan and the doctor had told him to use hot and cold compresses to increase the circulation. This respondent also stated that petitioner never told him about the December 24, 1960 incident. His first knowledge of a claimed injury during the course of employment was in June 1961.

Petitioner did not call Dr. Stranahan to testify, giving as his reason for this failure that the doctor had "retired" and was "up in New York State somewhere."

It is clear that petitioner was visibly ill for some months prior to his quitting on January 7, 1961, that he was under doctor's care for poor circulation, that his work efficiency was lessening, and his employers knew of these facts. They were on notice to inquire as to whether the disability was work-connected. They did make inquiry and were told by petitioner that his trouble was due to circulation, and the doctor had advised him to continue working, and meanwhile apply hot and cold compresses to aid his circulation. This did not constitute a knowledge of a potential compensable injury within the meaning of *R. S.* 34:15-17.

As to the December 24, 1960 episode, the judge of compensation determined that petitioner had failed to sustain the burden of proving that respondents had notice or knowledge thereof within the 90-day period. Thus, that issue of credibility was resolved in favor of respondents. We find no sound basis in the record why we should not defer to the compensation judge's finding in that regard.

Nor is this an occupational disease case, where the timeliness of the notice is governed by special rules, such as an employee's knowledge of its existence. See *Bucuk, supra,* 49 *N. J. Super.* 187. Here, petitioner's underlying pathology was common to most people of similar age, 62 years. His was not an occupational disease.

Previous decisions by our courts do not involve the precise factual pattern herein. But the Supreme Court of Tennessee was confronted with an analogous situation in *International Playing Card and Label Co. v. Broyles,* 214 *Tenn.* 530, 381 *S. W. 2d* 888 (1964). In that case the employee had been suffering from chronic hypertrophic arthritis. The employer knew of this, the employee having once shown her hand and thumb. But she had not notified her employer of any accidental injury, nor had she claimed that her condition was the result of anything arising out of her employment. The court found that the statutory requirement of notice or knowledge had not been satisfied.

We find to the same effect in the instant case.

### III

In view of our determination that the claim petition was properly dismissed by the Division for failure of petitioner to prove compliance with *R. S.* 34:15–17, and that the County Court erred in reversing that determination, we expressly refrain from deciding the correctness of the County Court's resolution of the issues of "accident" and "causal relationship." If it had become necessary for us to pass on these issues, we would have remanded the case to the Division for

its findings and conclusions thereon, because of the serious question of credibility raised by the conflicting testimony, both medical and non-medical.

The judgment of the County Court is reversed and the Division's dismissal of the claim petition will be reinstated.